UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLSTATE TEXAS LLOYD'S, § | |
| § | |
| Plaintiff, § | |
| VS. § | |
| § | |
| THOMAS CARR § | CIVIL ACTION NO. H-05-1141 |
| and § | |
| HEATHER MCGEHEE, as Next Friend of § | |
| Minor Child L.C., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This case arises from a sexual assault against a minor. Defendant Heather McGehee sued Defendant Thomas Carr, her ex-husband, in Texas state court, claiming that Carr was negligent in supervising his son, who sexually assaulted McGehee's and Carr's minor daughter, L.C. Plaintiff, Carr's home insurer, then filed the instant suit, seeking a declaratory judgment that it has no duty to defend or indemnify Carr in the Texas action. All parties now move for summary judgment.

**I.     FACTS**

Plaintiff argues that L.C.'s injuries are not covered by Carr's homeowner's insurance policy, which excludes coverage for "bodily injury to . . . an insured within the meaning of part a. or part b. of insured as defined." (Pl.'s Mot. for Summ. J., Ex. B, at 16.) The policy defines "insured" as follows: "you [the named insured], and residents of your household who are: a. your relatives; or b. other persons under the age of 21 and in the care of any person named above." (*Id.*, Ex. B, at 2.) According to Plaintiff, L.C. qualifies as an insured under part a. of the definition – that is, as a relative who resided in

1

Carr's household at the time of the injury. Defendants argue that L.C. was not a resident of Carr's household, because Defendants' divorce decree invests McGehee with custody of L.C. and with the sole decisionmaking power concerning L.C.'s place of residence, and because L.C. kept most of her clothing and toys at McGehee's home and had her own room at McGehee's, but not at Carr's, home. Plaintiff responds by pointing out that, under Texas law, an individual – and particularly a minor – may have more than one residence for insurance purposes. Plaintiff contends that the relationship between Carr and L.C. and the nature of L.C.'s visits established Carr's home as one of L.C.'s residences.

II.   ANALYSIS

   A.   **Summary Judgment Standard**

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### B. Residency

"In general, Texas cases determining [the] residency [of a child] have relied on the child's relationship to the household, the nature of the child's stay in the home, and the intent of the parties." *Easter v. Providence Lloyds Ins. Co.*, 17 S.W.3d 788, 790 (Tex. App. – Austin 2000, pet. denied) (citing *Hartford Cas. Ins. Co. v. Phillips*, 575 S.W.2d 62 (Tex. Civ. App. – Texarkana 1978, no writ); *Travelers Indem. Co. v. Mattox*, 345 S.W.2d 290 (Tex. Civ. App. – Texarkana 1961, writ ref'd n.r.e.)).  Texas courts have found residency where "[a] child had a blood relationship with others in the household despite having an insignificant presence in the home" and despite the fact that the child "did not regularly live in the household, attend school from there, or even regularly eat meals there." *Id.*  In each case, "the combination of [the child's] relationship to the household and the intent of the parties to continue that relationship was enough to establish residency." *Id.*

*Easter* itself is an illustrative case.  There, the child was found to be a resident of her foster home despite the temporary nature of the relationship and the intent of all parties to return the child to her mother's home within a matter of months.  In noting that the child was also a resident of her mother's home during the same period, the *Easter* court noted that "'[t]he real test is whether the absence of the party in interest from the household of the alleged insured is intended to be permanent or only temporary – *i.e.*, whether there is physical absence coupled with an intent not to return.'" *Id.* at 791 (quoting *S. Farm Bureau Cas. Ins. Co. v. Kimball*, 552 S.W.2d 207, 208 (Tex. Civ. App. – Waco 1977, writ ref'd n.r.e.)).

The *Easter* court also cited a three-factor test enunciated by the Wisconsin Supreme Court in *Pamperin v. Milwaukee Mut. Ins. Co.*, 197 N.W.2d 783, 787 (1972). According to the *Pamperin* court, a child resides in a home where (1) the parties are living under the same roof; (2) the parties are in a close, intimate, and informal relationship; and (3) the intended duration of the stay is likely to be substantial, is consistent with the informality of the relationship, and supports the conclusion that the parties would consider the relationship in contracting about such matters as insurance. *Id.*; *see also Easter*, 17 S.W.2d at 791. The *Pamperin* factors are to be considered together, with no one factor predominating. *Pamperin*, 197 N.W.2d at 789; *Easter*, 17 S.W.2d at 791.

Here, L.C. regularly stayed at Carr's home for days (and, during the summer, weeks) at a time (*see* App. To Pl.'s Mot. for Summ. J., Ex. C, at 9-10, 13-14); the relationship between Carr and L.C., that of father and daughter, was presumably close, intimate, and informal; and there is evidence that the parties considered Carr to be responsible, at least in part, for L.C.'s insurance coverage (*see id.*, Ex. C, at 23-26). Thus, because Carr and L.C. were blood relatives, because they shared an informal relationship that involved regular and frequent stays by L.C. at Carr's home, because Carr, McGehee, and L.C. all intended that the relationship continue, and because there is evidence that the parties relied on the nature of the relationship in making insurance arrangements, the Court finds that L.C. was a resident of Carr's home, for the purposes of Carr's homeowner's policy, at the time of her injuries. Plaintiff's motion for summary judgment, Docket No. 28, is therefore **GRANTED**, and this Court **DECLARES** that Plaintiff owes Carr no duty of defense or indemnity in the underlying Texas suit.

Defendants' motions for summary judgment, Docket Nos. 29 and 30, are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 8th day of February, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**